## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **DANIEL JOSEPH BOONE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:10-0090** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On January 29, 2010, Petitioner filed a Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Document No. 1.).[1] Petitioner indicates that years ago he was convicted of a felony and sentenced under the Youth Corrections Act, 18 U.S.C. § 5010(b), which was repealed on October 12, 1984.[2] Petitioner states that he completed his sentence and under the Youth Corrections Act and was entitled to "the removal of felon status." Petitioner indicates that his conviction and sentence under the Youth Corrections Act was the basis for 2004 charges contained in Count Six of an Indictment in the Western District of North Carolina that he possessed a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). United States v. Boone, Criminal No. 5:04-cr-0056-3 in the United Stated District Court for the Western District of North Carolina, District Judge

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594,

[2] Petitioner's Presentence Investigation Report indicates that Petitioner was convicted in April, 1980, of obstruction of a criminal investigation in the United States District Court for the Middle District of North Carolina and sentenced to zero to six years imprisonment under the Federal Youth Offenders Act, 18 U.S.C. § 5017(c). He was paroled in December, 1982, and completed his sentence in April, 1986. There is no indication that Petitioner's conviction was expunged.

Vorhees presiding. Petitioner indicates that he was also charged with conspiring to possess methamphetamine with the intent to distribute it in violation of 21 U.S.C.§ 846 (Count One) and possession of pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841 (Count Five). The District Court's docket sheet indicates that Petitioner pled guilty to the conspiracy and felon-in-possession charges on March 23, 2005, and the District Court sentenced him on September 12, 2005, to a 75 month term of imprisonment and three years supervised release and required that he pay the mandatory assessment and restitution. It does not appear that Petitioner appealed his conviction or sentence. Because the Youth Corrections Act under which Petitioner was sentenced provided for expungement and was repealed, Petitioner asserts that he "was not a convicted felon under federal law for purposes of the charge for which he was wrongfully convicted."[3] Petitioner further asserts that pursuant to the Constitution of the State of North Carolina, his right to own a firearm was restored.[4] Petitioner indicates that he has completed the Residential Drug Abuse Program and would be eligible for early release if he had not been convicted

_____

[3] A felony conviction and sentence under the Youth Corrections Act may be a predicate for a Section 922(g)(1) charge. *See United States v. Wood*, 2008 WL 817068 at *3 (N.D.Ohio)("[U]nless Defendant Wood can factually demonstrate he was unconditionally discharged prior to completion of the maximum sentence under the YCA, the predicate offense remains and forms the proper element for the current indictment for Felon in Possession of a Firearm."), *aff'd*, 2010 WL 565458 (C.A.6 (Ohio)).

[4] Petitioner cites the North Carolina Supreme Court's decision in *Britt v. State*, 363 N.C. 546, 681 S.E.2d 320 (2009), stating that it "reaffirmed this constitutional protection" in declaring unconstitutional a 2004 amendment to North Carolina's Felony Firearms Act making it a crime "for any person . . . convicted of a felony  to . . . possess . . . any firearm." As the Fourth Circuit Court of Appeals discussed in *United States v. Farrow*, 364 F.3d 551, 554 (4th Cir. 2004), *cert. denied*, 543 U.S. 889, 125 S.Ct. 143, 160 L.Ed.2d 150 (2004), and more recently in *United States v. Hairston*, 2010 WL 411005 at *2 (4th Cir.(N.C.)), a 1995 amendment to North Carolina's Felony Firearms Act permanently banned convicted felons from possessing firearms regardless of when they we convicted or completed their sentences. It does not appear therefore that Petitioner's right to possess a firearm was restored.

of the felon-in-possession charge. Petitioner requests that the District Court "overturn the sentence unconstitutionally imposed for a crime under 18 U.S.C. § 922(g)(1), which, by law, could not have been committed by the Petitioner, so he may be granted the liberty interest earned in the Residential Drug Abuse Program."[5]

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective.  In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.");  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of

---

[5] 18 U.S.G. § 922(g)(1) provides that:

(g)It shall be unlawful for any person – (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year * * * to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce.

18 U.S.C. § 921(a)(20) states respecting the phrase "crime punishable by imprisonment for a term exceeding one year" as follows:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of rights expressly provides that the person may not ship, transport, possess or receive firearms.

Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden). 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon a prisoner's custodial status, not upon the validity of his conviction as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."

Petitioner claims that due to the automatic expungement of his conviction under the Youth Corrections Act, that Act's repeal and the restoration of his rights under North Carolina law, there was no basis for his felon-in-possession conviction under Section 922(g)(1) and therefore he was improperly denied early release after completing the Residential Drug Abuse Program. Petitioner is essentially claiming that his Section 922(g)(1) conviction in the Western District of North Carolina is invalid, an issue properly for direct appeal and Section 2255 proceedings and not properly raised under Section 2241, and therefore, having completed the Residential Drug Abuse Program, he has been improperly denied early release and is in custody in violation of the laws of

4

the United States, an issue which by itself the District Court may consider under Section 2241. This Court cannot consider the latter issue, however, because it requires the Court to consider the validity of Petitioner's Section 922(g)(1) conviction in the first place, a matter for the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 2255(a)("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . *may move the court which imposed the sentence* to vacate, set aside or correct the sentence."(Emphasis added.)). Construing Petitioner's Petition as a Section 2255 motion, it is clear that Petitioner filed it more than one year after the date on which his judgment of conviction became final and it is therefore untimely in view of 18 U.S.C. § 2255(f)(1)("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final."). Petitioner's sentence became final on September 26, 2005, as Petitioner did not file a Notice of Appeal and the ten-day notice of appeal period expired on that date. *See* Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . .:(i) the entry of either the judgment or order being appealed[.]" and 26(a)(2)(excluding intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days). Petitioner filed his Petition in this case on January 29, 2010. (Document No. 1.) Petitioner is therefore procedurally barred from proceeding under Section 2255. Though relief under Section 2255 is no longer available to Petitioner, this alone does not render Section 2255 inadequate or ineffective such that Petitioner's claims may be considered under Section 2241. No other reason appears for considering Section 2255 inadequate or ineffective. Summary dismissal is appropriate under these circumstances.

5

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and accordingly **RECOMMENDED** that the District Court **DISMISS** Petitioner's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner who is acting *pro se*.

ENTER: May 7, 2010.

R. Clarke VanDervort
United States Magistrate Judge