IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DANIEL JOSEPH BOONE,

           Petitioner,

v.        CIVIL ACTION NO. 5:10-cv-00090

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed the Petitioner's January 29, 2010, *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Docket 1]. In his Petition, Petitioner seeks to be granted early release for his completion of the Residential Drug Abuse Program ("RDAP"), arguing that a wrongful conviction for felon in possession of a firearm is preventing him from such early release.

By *Standing Order* [Docket 2] entered in this case on January 29, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On May 7, 2010, the Magistrate Judge submitted *Proposed Findings and Recommendation* [Docket 6] wherein it is recommended that this Court dismiss the Petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* and remove this matter from the Court's docket. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely

objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that does not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner timely filed objections to the Magistrate Judge's *Proposed Findings and Recommendation* on May 18, 2010.

In his PF&R, Magistrate Judge VanDervort found that the issues raised by Petitioner should have been brought either under direct appeal, or pursuant to 18 U.S.C. § 2255. Construing Petitioner's Petition as a motion under Section 2255, Magistrate Judge VanDervort found that Petitioner filed it more than one year after the date on which his judgment of conviction became final and was, therefore, untimely in view of 18 U.S.C. § 2255(f)(1). Magistrate Judge VanDervort also found no other reason for considering Section 2255 inadequate or ineffective.

In his objections to the PF&R, Petitioner makes several arguments as to why Section 2255 is inadequate. However, these objections are mooted by other pertinent details of his conviction. Along with a conviction for felon in possession of a firearm, Petitioner was also convicted of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). As part of this conviction, Petitioner received a two-point guideline offense level enhancement for possession of a firearm during the course of the conspiracy, pursuant to United States Sentencing Guideline § 2D1.1(b)(1). Therefore, even if Petitioner was actually innocent of felon in possession of a firearm, the Bureau of Prisons ("BOP"), due to Petitioner's § 2D1.1(b)(1) enhancement, would still deny him early release for his completion of RDAP. 28

C.F.R. § 550.55(b)(5); BOP Program Statement 5162.05 § 4(b). *See also Sears v. Berkebile*, 5:09-cv-0246, 2010 Westlaw 1416899, 2010 U.S. Dist. Lexis 33356 (S.D. W. Va. February 26, 2010), *adopted* 2010 Westlaw 1416895, 2010 U.S. Dist. Lexis 33358 (S.D. W. Va. April 5, 2010).

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation [Docket 6]*. The Court **ORDERS** that the Petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Docket 1] be **DISMISSED** and that this matter be **REMOVED** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: May 19, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA