IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DANIEL JOSEPH BOONE,

                Petitioner,

v.                                          CIVIL ACTION NO. 5:10-cv-00090

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Motion for Reconsideration [Docket 11]. In said motion, Petitioner requests reconsideration of the Court's finding that Petitioner's two-point guideline offense level enhancement for possession of a firearm during the course of his conspiracy to possess with intent to distribute a quantity of methamphetamine, pursuant to United States Sentencing Guideline § 2D1.1(b)(1), precludes him from early release for his completion of the Residential Drug Abuse Program ("RDAP") offered by the Bureau of Prisons.[1]

The Court construes Petitioner's *pro se* motion as one made under Fed. R. Civ. P. 59(e), "Motion to Alter or Amend a Judgment." In opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

---

[1] In his *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241,* Petitioner argued that he was wrongfully convicted of felon in possession of a firearm, thus unlawfully precluding from RDAP early release. The Court did not need to address this issue, however, as Petitioner's enhancement under Section 2D1.1(b)(1) also precludes him for RDAP early release.

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

*Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)(citation omitted); see also *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003); *Ohio Valley Envtl. Coalition v. Bulen*, No. 3:03-2281, 2004 U.S. Dist. Lexis 17439, at *8 (S.D. W. Va. Aug. 31, 2004). The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" *Woodrum v. Thomas Mem'l. Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D. W. Va. 1999)(citation omitted).

The facts surrounding Petitioner's motions do not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit. His motion for reconsideration does not present evidence that was unavailable for his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241; does not stem from an intervening change in the applicable law, or demonstrate that a clear error of law has been made. *See Hill*, 277 F.3d at 708. Nor can the court find that its failure to grant the motion would result in manifest injustice to Petitioner. Accordingly, the Court **ORDERS** Petitioner's motion for reconsideration **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    June 23, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA